UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUPIN PHARMACEUTICALS, INC., and LUPIN, LTD.,<br><br>                         Plaintiffs,<br><br>vs.<br><br>CRAIG W. RICHARDS, in his individual and official capacity as Attorney General of Alaska<br><br>                         Defendant. | Case No.: 15-cv-1281 |

## COMPLAINT

1.    The Attorney General of Alaska (the "AG") is unconstitutionally exercising his official powers far beyond the borders of his state. The AG is acting through class action plaintiffs' counsel located in Alabama to pursue antitrust claims against a Virginia company headquartered in Maryland—Lupin Pharmaceuticals, Inc. ("LPI")—and an India company—Lupin, Ltd. ("Lupin India") (collectively, "Plaintiffs"). The AG wants Plaintiffs to turn over documents related to two pharmaceutical products—generic versions of Loestrin® Fe and Effexor® XR—that neither Plaintiff even manufactures or sells. To get the information, the AG mailed two Civil Investigative Demands ("CIDs") over 3,000 miles from Anchorage to the East Coast, and he has threatened Plaintiffs with sanctions if they fail to respond to his demands by May 4, 2015.

2.    The AG's demands not only violate the historic limitation that subpoenas have no force beyond the borders of the state that issues them; his demands also violate the United States Constitution. The Commerce Clause of Article I, Section 8 and the Due

Process Clause of the Fourteenth Amendment limit state authority over nonresidents. The requirements of those constitutional provisions are similar, but not identical. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 305–06 (1992) (citing *Int'l Harvester Co. v. Dept. of Treasury*, 322 U.S. 340, 353 (1944) (Rutledge, J., concurring in part and dissenting in part)); *see also id.* at 312–13. The differences are not material in this case, however, because the AG's exercises of state authority fail both standards for essentially the same reasons. Alaskan antitrust law cannot constitutionally be applied to conduct and companies that have no meaningful connection with the State, and the AG cannot constitutionally investigate and exercise his administrative jurisdiction over persons who have no significant contacts with the State.

3.  Compliance with the CIDs would require Plaintiffs to submit to the jurisdiction of Alaskan authority, and the unconstitutional, extraterritorial application of Alaska law—all of which are contrary to Plaintiffs' rights under the Constitution. Noncompliance exposes Plaintiffs to fines imposed by an Alaska court or imprisonment. And the remedies Alaska provides to challenge CIDs cannot provide Plaintiffs complete relief. To Plaintiffs knowledge, no defendant has challenged the application of an Alaskan CID on jurisdictional grounds. Challenging the CIDs would, in all events, vitiate Plaintiffs' rights against being subject to investigations, laws, and proceedings of states, with which Plaintiffs have no meaningful connection. The appropriate response is to challenge the AG's exercise of jurisdiction in federal district court. *See Major League Baseball v. Butterworth*, 181 F. Supp. 2d 1316, 1319 (N.D. Fla. 2001).

4.  In this civil action, Plaintiffs therefore seek declaratory and injunctive relief enjoining Defendant and his agents, servants, employees, and those acting in active

concert and with actual notice thereof from applying Alaskan antitrust law and asserting jurisdiction over Plaintiffs in violation of their rights. In support, Plaintiffs allege the following:

## JURISDICTION AND VENUE

5. Plaintiffs allege a deprivation of rights, liberties, privileges, and immunities under the Commerce Clause and the Fifth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983.

6. The AG sent a CID to Lupin India care of its subsidiary, LPI, in Baltimore, Maryland. The AG also sent another CID to LPI care of LPI's registered agent. By conducting his investigation of Plaintiffs in Maryland and sending a CID into Maryland, the AG violated Plaintiffs' rights in Maryland and purposefully availed himself of Maryland's laws. Because Plaintiffs' claims in this action contest the AG's jurisdiction and authority to apply Alaskan antitrust law, their claims arise out of the AG's contacts with Maryland, and this Court has specific jurisdiction over the Defendant.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim were done by Defendant within this judicial district.

8. This Court has jurisdiction over this civil action under, and by virtue of, 28 U.S.C. § 1331.

9. This Court is authorized to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure. This Court may issue the preliminary and permanent injunctive relief requested under Rule 65 of the Federal Rules of Civil Procedure.

## PARTIES

10. Plaintiff LPI is a Virginia corporation with its headquarters and principal place of business in Baltimore, Maryland. LPI is a wholly owned subsidiary of Lupin India. LPI distributes prescription medications to customers in the United States.

11. Plaintiff Lupin India is incorporated in India with its headquarters and principal place of business in Mumbai, India. Lupin India develops and manufactures branded and generic medications in India.

12. Craig W. Richards serves as Attorney General of the Department of Law for the State of Alaska. In all of his actions, the AG was at all relevant times acting within the course and scope of his authority and under color of State law. Plaintiffs are suing the Attorney General in his individual and official capacity.

## GENERAL ALLEGATIONS

### The Challenged Laws

13. The AG purports to be investigating whether Plaintiffs have violated at least one of the following antitrust statutes: Alaska Stat. §§ 40.50.471, 40.50.551, 45.50.562, 45.50.564, and 45.50.578.

14. Under Alaskan antitrust law, the Attorney General may commence an investigation when he or she determines that a person has engaged in, or is about to engage in, an act unlawful or prohibited under Alaska law. Alaska Stat. § 45.50.590; *see also* § 45.50.495. Pursuant to such a determination, the Attorney General may compel production of documentary material and take testimony, under oath, before the institution of an action. *Id.* The vehicle for the compulsion of such materials and testimony is Alaska's CID statute. *Id.* § 45.50.592.

15. Under the CID statute, the Attorney General may serve an investigative demand compelling a person to produce relevant documentary evidence. CIDs are not mere letters or notices; they are administrative subpoenas that require Plaintiffs to respond. CIDs carry the threat of a court imposed fine of not more than $5,000 or up to a year of imprisonment for noncompliance.

### Actions of the Alaska Attorney General

16. Loestrin Fe and Effexor XR are drugs manufactured and sold by Warner-Chilcott and Wyeth, the branded manufacturers. Neither Warner-Chilcott nor Wyeth is an Alaskan company.

17. Neither LPI nor Lupin India has ever sold Loestrin or Effexor nor have they ever obtained approval from the Food and Drug Administration ("FDA") to sell generic versions of those products. On September 30, 2006, Plaintiffs filed with the FDA an Abbreviated New Drug Application ("ANDA") seeking FDA approval of a generic version of Effexor. On March 13, 2007, Wyeth, the branded manufacturer of Effexor, sued LPI for a declaratory judgment that LPI's generic version of Effexor would infringe Wyeth's patent. Wyeth and LPI settled the litigation on May 11, 2009.

18. On July 30, 2009, LPI filed an ANDA seeking FDA approval of a generic version of Loestrin. On September 9, 2009, Warner-Chilcott, the branded manufacturer of Loestrin, sued LPI for a declaratory judgment that LPI's generic version of Loestrin would infringe Warner-Chilcott's patent. Warner-Chilcott and LPI settled the litigation on October 10, 2010.

19. Plaintiffs have also never sold generic versions of Loestrin and Effexor nor do they have the right to sell such products. Indeed, LPI withdrew its ANDA

referencing Effexor on April 26, 2012. Thus, Plaintiffs have no sales regarding the products at issue in Alaska, let alone anywhere else.

20. Plaintiffs negotiated and signed the two litigation settlement agreements in Maryland and India. No negotiations took place in Alaska.

21. On February 3, 2015, Defendant sent two CIDs to Plaintiffs—one to LPI and one to Lupin India. (*See* Exhibits A and B.) The CIDs demand a large volume of documents including, but not limited to: filings with the Federal Trade Commission and U.S. Department of Justice, documents produced in patent litigation relating to Loestrin and Effexor, documents discussing the validity and value of the patents, and certain agreements Plaintiffs entered into with other pharmaceutical companies.

22. The AG's Alabama counsel has threatened to file civil actions under Alaskan antitrust law against Plaintiffs, on the alleged ground that the settlements were illegal agreements to delay Plaintiffs' entry into the market that permitted the branded pharmaceutical companies to maintain high prices. Thus, the AG plans to embroil Plaintiffs in a long and costly civil suit that Plaintiffs would be forced to litigate in Alaska, a state with which they have no meaningful contacts.

23. The production deadline for Plaintiffs to respond to the CIDs is May 4, 2015. Plaintiffs have not answered the CIDs and face the threat of a court imposed fine or imprisonment on noncompliance.

**Plaintiffs' Lack of Contacts with Alaska**

24. Neither LPI nor Lupin India owns, leases, or rents property in Alaska. They have no operations, employees, or equipment in the State of Alaska. Moreover, Plaintiffs do not advertise or market their products in Alaska.

25. Lupin India has no contacts with Alaska.

26. LPI's contacts with Alaska are remote. LPI sells particular pharmaceutical products to nationwide wholesalers, distributers, and chains, which then distribute those products to their retail stores. At least one of Plaintiffs' customers owns a distribution center in Alaska from which it distributes product to its retail stores. The United Parcel Service ("UPS") is LPI's third-party logistics provider. UPS fills orders on behalf of LPI and sends the products to customers, at least one of which receives those products in a distribution center in Alaska. LPI is not directly involved in the physical distribution of these products.

27. None of the conduct the AG is investigating was expressly aimed at Alaska. As noted above, LPI's settlement agreements at issue were negotiated and signed in Maryland and India, and no negotiations took place in Alaska.

28. All of the actions of Defendant, his officers, agents, employees, and servants were performed, and continue to be performed, under the color and pretense of the law of Alaska.

## COUNT I
## VIOLATION OF PLAINTIFFS' RIGHTS
## UNDER 42 U.S.C. § 1983

29. Plaintiffs hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 28.

30. With respect to Loestrin and Effexor or generic versions of the two products, Plaintiffs have established no constitutionally significant or minimum contacts with the State of Alaska.

31.     Under the Commerce Clause and the Fifth and Fourteenth Amendments of the United States Constitution, Plaintiffs cannot be subjected to the legislative jurisdiction of the Alaskan antitrust laws or to the official investigation and issuance of CIDs that the AG has effected against them vis-à-vis Loestrin and Effexor or generic versions of the two products.

32.     Defendant's violations of Plaintiffs' rights have caused, and will continue to cause, Plaintiffs to suffer undue and actual harm, hardship, and irreparable injury, including: violations of their constitutional rights and the monetary and nonmonetary costs of receiving and having to respond to CIDs from a faraway jurisdiction where Plaintiffs do no business.

33.     Plaintiffs have no adequate remedy at law to correct the continuing constitutional violations.

34.     As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their rights, the burden and cost of defending against the CIDs at issue, the ever present threat of sanctions or litigation in Alaska, and damage to Plaintiffs' reputations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.  That this Court immediately issue a permanent injunction to restrain Defendant, his officers, agents, employees, and all other persons acting in active concert with them from issuing CIDs to Plaintiffs in connection

      with the AG's investigation of Plaintiffs' compliance with Alaskan antitrust laws vis-à-vis Loestrin and Effexor, and from applying those state laws to Plaintiffs vis-à-vis Loestrin and Effexor or generic versions of those products;

2. That this Court render a declaratory judgment that Defendant's issuance of CIDs to Plaintiffs in connection with the AG's investigation of Plaintiffs' compliance with Alaskan antitrust laws vis-à-vis Loestrin and Effexor or generic versions of those products, and his application of those state laws to Plaintiffs vis-à-vis Loestrin and Effexor or generic versions of those products, are unconstitutional acts;

3. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

4. That this Court retain jurisdiction of this matter for the purpose of enforcing its order;

5. That this Court award Plaintiffs the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. § 1988;

6. That this Court award Plaintiffs compensatory and punitive damages;

7. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Dated: May 4, 2015            Respectfully Submitted,

Anthony R. Van Vuren (Bar No. 18760)
MORGAN, LEWIS & BOCKIUS LLP
2020 K Street, NW
Washington, DC 20006
Tel. (202) 373-6867
Fax (202) 373-6001
anthony.vanvuren@morganlewis.com

Leiv H. Blad
MORGAN, LEWIS & BOCKIUS LLP
2020 K Street, NW
Washington, DC 20006
Tel. (202) 373-6564
Fax (202) 373-6001
leiv.blad@morganlewis.com

*Attorneys for Plaintiffs*
Lupin Pharmaceuticals, Inc. and Lupin Ltd.